**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PHILIP MOORE**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 7143 |
| | ) | |
| **THE CITY OF CHICAGO**, and Detention | ) | |
| Aid **ANTHONY F. JANTKE, #110620**, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM ORDER**</u>

This action by Philip Moore ("Moore") advances a 42 U.S.C. 1983 ("Section 1983")

claim of excessive force against Anthony Jantke ("Jantke"), described in Complaint ¶ 6 as "a

Chicago Detention Aide who works for the Chicago Police Department," coupled with three

state law claims advanced under the supplemental jurisdiction provision of 28 U.S.C. 1367(a).

One of those state law claims (Count II, sounding in assault and battery) is also advanced against

Jantke, while the other two (Count III, sounding in respondeat superior, and Count IV, seeking

indemnification) are asserted against the City itself.  Jantke and the City have filed a joint

Answer and Affirmative Defenses ("ADs") to Moore's Complaint, and this memorandum order is

issued sua sponte because of the problematic aspects of all but one of the ADs.

Although the caselaw applying Fed. R. Civ. P. ("Rule") 8(c) uniformly applies the

principle that such defenses must accept as true all of a plaintiff's well-pleaded allegations (in

that respect, see also App'x ¶ 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279

(N.D. Ill. 2001)), this Court all too often finds that responsive pleadings by the Chicago

Corporation Counsel's office are not on the same page with that concept in their responsive

pleadings. In this instance the most relevant substantive allegations in Moore's Complaint are these:

> 10. At the 19th District, without any justifiable provocation, Detention Aid Jantke slammed Plaintiff face-down onto the hard floor of the police station while Plaintiff's hands were behind his back.
>
> 11. Plaintiff's face hit the ground with such force that he was rendered unconscious and suffered a serious wound to his face that required medical treatment.
>
> *       *       *
>
> 17. The misconduct described in this Count[1] was objectively unreasonable and was undertaken intentionally and with willful indifference to Plaintiff's constitutional rights.
>
> 18. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.
>
> *       *       *
>
> 21. In the manner described above, the conduct of Defendant Jantke, acting under color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.
>
> 22. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.
>
> 23. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others.

All of those paragraphs are denied by Jantke and, upon information and belief, by the City.

---

[1] [Footnote by this Court] "This Count" in this and all other hereafter-quoted paragraphs of the Complaint refers back to Complaint ¶¶ 10 and 11, because each of Counts II, III and IV incorporates those paragraphs by reference.

Despite the already-stated principles governing the proper use of ADs, AD I purports to advance a qualified immunity contention on behalf of Jantke, asserting in part:

> At all times material to the events which are alleged in Plaintiff's Complaint, a reasonable government official objectively viewing the facts and circumstances that confronted the Defendant Jantke could have believed their actions to be lawful in light of clearly established law and the information that the Defendant Jantke possessed.

That impermissibly flouts the above-quoted allegations that Jantke is obligated to accept for Rule 8(c) purposes (although Jantke has quite permissibly denied those allegations in his Answer itself). So AD I is stricken.

Next, AD II asserts a possible failure-to-mitigate defense -- but that assertion begins with a telltale "To the extent . . ." preface that is a sure tipoff to the obvious fact that defendants are engaging in total premature speculation on that score. Hence that AD II must be and is also stricken, albeit without prejudice to the possible advancement of a like AD if future discovery reveals an actual failure to mitigate.

Next, AD III cites Illinois statutory authority and a federal supreme court decision setting out the principle of respondeat superior as the basis for City's claimed liability -- an assertion that simply doesn't belong in this case as an AD, where Moore's Count III is based on just that principle. It too is stricken, and the City's counsel must recognize that ridding the case of such surplusage creates a "no harm, no foul" situation.

AD IV is also flawed, for it collides with the allegations of Complaint ¶¶ 17, 18 and 21-23. That torpedoes AD VI as well.

Next, AD V gives every indication that the Assistant Corporation Counsel who signed the responsive pleading must have pushed a button that caused the responsive pleading to include a

boilerplate assertion that has nothing at all to do with the Complaint in this case. It too must be and is stricken.

Like the proverbial exception that proves the rule, only AD VII survives scrutiny. It asserts that Moore is not entitled to attorneys' fees as to state law claims (an effective response to the request in Moore's "Wherefore" paragraph that seeks attorneys' fees without limiting that request to the Count I Section 1983 claim).

Finally, AD VIII plays no part in this action because it deals with a nonissue -- the negation of any punitive damage award against the City. In that respect Moore's "Wherefore" request expressly asks for a punitive award <u>only</u> "against Defendant Jantke in his individual capacity." Hence AD VIII is also stricken because it "responds" to nothing in Moore's Complaint.

<u>Conclusion</u>

For the reasons regretfully stated in some length in this memorandum order, all of the responsive pleading's ADs except for AD VII are stricken. If and to the extent that any of the stricken ADs or any other potential AD may become justified during the course of this litigation, defendants are free to raise such issues by future motion.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 4, 2016

- 4 -